# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 8, 2011 Session

## HEATHER RUSSELL WILDER, v. JOSEPH CHAMBLEE WILDER

**Appeal from the Circuit Court for Knox County**
**No. 108931     Hon. Bill Swann, Judge**

---

**No. E2011-00829-COA-R3-CV-FILED-JANUARY 12, 2012**

---

In this contentious divorce action, after numerous hearings, the Trial Court entered a Final Judgment of Divorce incorporating the parties' Marital Dissolution Agreement and the Permanent Parenting Plan.  The Court suspended the PPP and reserved the child support issues.  The mother appealed, arguing that the Trial Court refused to permit her to produce her argument, and erred in confirming the referee's recommendations.  We hold that the record before us does not substantiate her contentions, and affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J.,  joined.

Heather Russell Wilder, Knoxville,  Tennessee, *pro se.*

C. Scott Taylor and Margo J. Maxwell, Knoxville, Tennessee, for the appellee, Joseph C. Wilder.

## OPINION

Appellant, Heather Wilder ("mother"), filed the divorce action on November 16, 2007, against defendant, Joseph Wilder ("father"), alleging the father was guilty of inappropriate marital conduct, and the parties had irreconcilable differences.  The parties have three minor

children. She averred that she was a full-time student and had no income, and that the father earned $2,666.67 per month, gross. She also attached an Ex Parte Order of Protection that was entered on November 6, 2007, and a copy of her petition to obtain the order.

A Temporary Parenting Plan was entered, wherein the mother was named primary residential parent, and the father was given weekly supervised co-parenting time at Parent Place. The father was ordered to pay child support of $1,038 per month, and the mother then filed a Motion for Psychological Evaluation, asking for a Court order to that effect.

Subsequently, the father filed an Answer and Counter-Complaint for Divorce, denying any inappropriate marital conduct, but admitting that the parties had irreconcilable differences. He also asked for joint custody of the children.

The Court referred the parties to Dr. Hanaway for an evaluation, and also referred the parties to a mediator.

After a hearing before the child support referee, the father's child support was set at $1,014 per month, and the Trial Court confirmed the referee's findings. The mother then filed a motion seeking reduced-fee mediation and the Trial Court granted the motion.

Another Temporary Parenting Plan was entered on May 13, 2009, and the mother was named primary residential parent, but the plan provided that when the children started school for the 2009-2010 school year, the father would get co-parenting time every other weekend.

The parties entered into a Mediation Agreement on September 1, 2009, wherein the parties agreed the mother would dismiss the Order of Protection and that the Final Decree of Divorce would contain a mutual injunction prohibiting both parties from engaging in conduct which would violate the terms of a social contact Order of Protection. The father agreed to select a psychopharmacologist to monitor him and ensure that he was compliant with his prescribed medication, and to provide quarterly reports as requested. The father also agreed to consult a clinical psychologist about rehabilitating his relationship with the children.

Then on November 4, 2009, the father filed a Petition for Contempt, setting forth that the parties had reached an agreement on a Temporary Parenting Plan, which provided the father would have one weekend per month with the children, at his discretion. He averred that he asked for a specific weekend, and it was not until after that weekend that the wife's lawyer wrote him advising that she would not bring the children to exchange for a number of reasons, including: she did not have transportation, and the father had not complied with the mediation agreement.

A Permanent Parenting Plan was entered on December 17, 2009, which stated that the father was to have one weekend per month with the children, at his discretion. The parties were also to split Christmas break, alternate spring breaks, and the father was to have five weeks each summer. The Permanent Parenting Plan was signed by the parties on September 1, 2009, and was entered by the Judge on December 17, 2009, *nunc pro tunc*.

Next, the father filed another Petition for Contempt alleging that the mother did not honor his requested Christmas co-parenting time.

The mother also filed a motion for the appointment of a new psychologist, among other allegations.

The Trial Court entered a Final Judgment of Divorce, and incorporated the parties' MDA and PPP. The Court stated that, at the time of entry of the Final Judgment, the father had no visitation with the children because he had not complied with the provisions of the PPP. The Court thus granted the divorce, but suspended the PPP, and reserved the child support issues for the referee. The parties' MDA is in the record.

The mother continued to file motions, and after the hearing before the referee[1] the mother filed a Petition for Modification, basically alleging the same facts as contained in the prior Motion. The referee entered Findings and Recommendations, stating that a hearing was held, but no petition for modification had been filed, so the child support was set at $1,014 per month. The referee found the father had overpaid his child support obligation by $10,569.06, but that he owed the mother medical expenses of $5,639.68, and his overpayment would be offset by that amount. The referee dismissed the mother's contempt petition. The mother filed a Request for Hearing before the Judge.

The Court again ordered the parties to mediation. The father filed a Motion to Dismiss Petition for Modification. The Court then held a hearing on the referee's findings, and affirmed the determinations made by the referee. The mother then filed a Motion seeking recusal of the Trial Judge, and also filed a Notice of Appeal from the Trial Court's order confirming the referee's recommendation. The Court then entered an Order of Recusal.

The issues raised on appeal are:

1.      Whether the Trial Court erred in disallowing the plaintiff to present her appeal argument in whole?

---

[1] At this point in the proceedings, mother began representing herself.

2. Whether the Trial Court erred in confirming the referee's recommendation?

3. Whether the Trial Court erred by improperly hearing and deciding on the plaintiff's Petition for Sole Legal and Physical Custody, which was scheduled before the Trial Court at a later date?

The mother argues on appeal, that the Trial Court erred by denying her the opportunity to present her argument at the hearing regarding the referee's recommendation, and also erred by confirming the same. She claims that the Trial Court did not allow her to present her position regarding the correct amount of child support monies paid by the father to the State, and instead simply found that because the referee found a certain amount, the Trial Court had to affirm that finding. A review of the transcript of this proceeding, however, does not support her argument.

The transcript from the December 7, 2010, hearing before the referee demonstrates that the mother's counsel did object to the amount of child support overpayment the father was claiming, but not because the numbers or arithmetic were flawed; rather, the mother's attorney made an argument only regarding whether the father should be credited for the entire amount that was paid to the State because some of it was paid by his family rather than him. The father's attorney explained to the Court that he had taken the printout of what had been paid to the State, and then made a chart showing the amount that was due each month and the amount that had been paid. The father's attorney stated that the total overpayment as of November 2010 was $10,569.06. The mother's attorney then stated, "Well, we have an agreement as to what has been paid into the state, Your Honor. We need to discuss who paid it. Okay. And the nature of those payments. But the amount that has been paid into the state is stipulated." Later in the hearing, the mother's attorney again agreed to stipulate the amount that had been paid to the state, but argued that the father should only get credit for the amounts actually paid by him. The Court then ruled that all monies paid to the state for the mother as child support would be credited toward the father's child support obligation.

When the mother appealed the referee's order to the Circuit Court, the Trial Judge reviewed the transcript of the hearing before the referee and determined that the referee's findings regarding the overpayment would be affirmed because the parties had stipulated to the amount paid to the State. The Court heard the mother's argument regarding a dispute in the amounts, but the Trial Court relied upon the stipulation of the parties and the mother's argument is without merit.

The mother also attempted to argue various points touching on a modification of the father's child support obligation, but the issue had not been heard by the referee and was not

-4-

before the Court.  Appellant has failed to demonstrate that the Trial Court did not grant her the opportunity to present her arguments regarding child support.

The mother also argues the Trial Court erred in prematurely making a decision on her Petition regarding custody, which was set to be heard by the Court at a later date.  The record and transcript reveal, however, that the Trial Court merely ordered that the parties would need to attend mediation before the matter was ripe for a hearing.  Accordingly, there was no actual determination made by the Trial Court regarding the issue, which is not properly before this Court.

The Judgment of the Trial Court is affirmed, and the cause remanded, with the costs of the appeal taxed to Heather Wilder.

_____
HERSCHEL PICKENS FRANKS, P.J.